**B & M MACHINE COMPANY,**
Appellant,

v.

**AVIONIC ENTERPRISES, INC.,**
Appellee.

No. 8528.

Court of Civil Appeals of Texas,
Texarkana.

July 25, 1978.

Frank H. Pope, Jr., Yarborough & Pope, Inc., Bedford, for appellant.

Ed T. Smith, Bonham, for appellee.

RAY, Justice.

This is a suit on a contract. B & M Machine Company (B & M), appellant (plaintiff), brought suit against Avionic Enterprises, Inc. (Avionic), appellee (defendant), for breach of contract seeking recovery of damages in the sum of $3,300.00. The case was tried without a jury and the trial court entered its judgment that appellant, B & M, recover the sum of $412.50, taxing all costs against appellant. B & M has appealed and submits eleven points of error for our consideration.

The record reflects that prior to January, 1974, Avionic contracted with Kelly Air Logistics Center to build eight stair ladder levers; that Avionic was to provide the raw material to construct the stair ladder levers, machine the levers, anodize the levers, install the bearings, paint and package the levers, and ship the levers to Kelly Air Logistics Center; that Kelly Air Logistics Center was to pay Avionic the sum of $1,640.64 for the total contract price which included the machine operation. In the early part of 1974 Avionic was involved in other work and desired to subcontract the

machining portion of the eight levers; that George Waldie, Avionic's agent, went to B & M Machine Company's place of business in Tarrant County to subcontract the machining portion of the job; that Waldie had authority to subcontract this part of the work for as much as $60.00 per unit or total authority to subcontract the job for as much as $480.00; while at B & M Machine Company, Waldie talked to Glen Boydstun, president of B & M, about that company's machining the levers; that following Boydstun's and Waldie's conversation, Boydstun notified William Blue, an employee of B & M at that time, and gave Blue the government specifications which had been brought to B & M by Waldie, and Boydstun asked Blue to prepare a bid or offer to be submitted to Waldie; that pursuant to Boydstun's request, Blue arrived at a bid or offer concerning the machining of the levers; that upon completion of the preparation of the bid concerning the levers, Blue delivered the result to Waldie; the bid was submitted to Waldie and Waldie understood the total bid to be $412.50 for machining all eight levers; that Boydstun understood the $412.50 offer submitted by Blue to be the price charged for each lever machined by B & M for a total contract price of $3,300.00; that Blue did not know whether the $412.50 price he submitted was a per unit price or a total contract price; that on or about January 7, 1974, subsequent to the bid, Avionic sent to B & M its order for machining the eight levers which showed $412.50 to be the total consideration to be paid by Avionic to B & M for machining the levers; that following B & M's receipt of the order and prior to its completion of machining the levers, there arose a dispute between appellant and appellee as to the contract price that appellee was to pay to appellant for machining the levers. The trial court determined that the parties did not have a meeting of the minds concerning the contract price, and made its findings of fact and conclusions of law and entered judgment accordingly.

The trial court found "There was no meeting of the minds between Avionic Enterprises, Inc. and B & M Machine Company concerning the payment to be paid by Avionic Enterprises, Inc. to B & M Machine Company for the stair ladder levers in question, and therefore, no contract."

The trial court further found as a fact that "defendant [Avionic Enterprises, Inc.] has admitted that it owed plaintiff [B & M Machine Company] $412.50 and has previously tendered this amount to plaintiff by a check but plaintiff has not cashed same."

It was also found as a fact that B & M's lawsuit was for breach of contract and did not seek any relief based on quantum meruit and that B & M failed to establish by a preponderance of the evidence the value of the eight stair ladder levers.

The trial court concluded that since there was no meeting of the minds between the parties that B & M could not recover against Avionic for breach of contract, but allowed B & M to recover the sum of $412.50 because Avionic admitted that it owed B & M that amount and tendered such sum to B & M.

Appellant not only had the burden of proof in this case, but also had the burden of persuasion. Our review of the record substantiates the trial court's conclusion that appellant thought the contract price was $412.50 per unit and that appellee thought the contract price was for the total sum of $412.50. The evidence was conflicting as to whether or not the parties had a meeting of the minds. It was incumbent upon the trial court as the trier of fact to determine if the parties had reached a meeting of the minds as to the contract price. The court determined from all the evidence that the parties had failed to reach a meeting of the minds and thus appellant, B & M, was not entitled to any recovery on its suit for breach of contract. The recovery allowed B & M in the judgment was not for breach of contract, but was that voluntarily agreed to be paid by appellee, Avionic.

Under the circumstances of this case, the law is clear that the minds of the parties must meet on every material element in order for there to be a binding contract. 13

Tex.Jur.2d, Contracts, Sec. 14, pp. 127–130; *Estate of Eberling v. Fair*, 546 S.W.2d 329, 333 (Tex.Civ.App. Dallas 1976, writ ref'd n.r.e.). The court in *Eberling*, supra, succinctly stated, "Under contract law, a contract whether written or oral, must define its essential terms with sufficient precision to enable the court to determine the obligations of the parties." In the present case, it was essential that the contracting parties arrive at a contract price upon which they both agreed. The evidence establishes in this case that the parties did not arrive at a mutually agreed price. Since there was no meeting of the minds as to the contract price, there was no contract. The trial court's finding in this regard is supported by the evidence. Appellant's points of error 1 through 5 are overruled. Appellant's points of error 6 and 7 are moot since the judgment dated April 14, 1977, was superseded by the amended judgment entered on April 29, 1977. Appellant's eighth point of error concerning whether or not the amended judgment superseded the original judgment has already been determined. See *B & M Machine Company v. Avionic Enterprises, Inc.*, Tex.Sup., 566 S.W.2d 901 (1978).

In point of error no. 9 appellant contends that the trial court erred in assessing costs against appellant because such action was contrary to Rule 131, Tex.R. Civ.P. We do not agree. The thrust of appellant's cause of action was for breach of contract. The suit was not for quantum meruit. Appellant failed to establish one of the essential elements of the contract, that is, that the parties' minds had met as to the contract price. Thus, appellant did not prevail in the action which it had asserted. Appellant therefore was not entitled to recover anything but for the fact that appellee voluntarily agreed to pay appellant the sum of $412.50 which the trial court incorporated into its judgment. The trial court properly assessed costs against appellant. Appellant's point of error no. 9 is overruled. *Harlow v. Swift and Company*, 491 S.W.2d 472, 477 (Tex.Civ.App. Eastland 1973, writ ref'd n.r.e.).

Appellant's remaining points of error have been examined and found to be without merit and are thus overruled.

The judgment of the trial court is affirmed.